**NOT FOR PUBLICATION**

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY AROLDO MONTERROSO, | No. 13-74053 |
| Petitioner, | Agency No. A071-569-981 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017**

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Rudy Aroldo Monterroso, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion for a continuance

and denying his application for protection under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion for a continuance, and review de novo claims of due process violations in immigration proceedings. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in declining to grant Monterroso's request for a further continuance to present testimony from an expert witness where it was made on the day the witness was scheduled to testify, Monterroso had previously been granted a nine-month continuance to present the witness, and he did not present any evidence of the witness's qualifications. *See* 8 C.F.R. § 1003.29; *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (listing factors to consider in reviewing the denial of a continuance). We reject Monterroso's contention that the IJ exhibited bias. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's denial of CAT relief because Monterroso failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government if returned. *See Silaya*, 524 F.3d at 1073. We reject Monterroso's contention that the agency erred in its analysis.

**PETITION FOR REVIEW DENIED.**

13-74053